# 24-2998

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

MAURICE NEWMAN

Plaintiff- Appellant

v.

MITCHELL KATZ (PRESIDENT)
LELAND CHAN (MD)
BEHDAD JAMSHAHI (MD)
Defendants-Appelles

On Appeal from the United States District Court for the Southern District of New York

Brief of Maurice Newman
Pro-se Litigant
7210 41st Ave Apt 2E,
Woodside NY 11377
(718) 433-6759





TABLE OF CONTENTS

Table of Contents...........................................................................................2

Table of Authorities.......................................................................................3

Statutes & Rules............................................................................................3

Jurisdictional Statement.................................................................................4

Statement of the Issue...................................................................................4

Statement of the Case...................................................................................4

Summary of the Argument..............................................................................5

Standard of Review.........................................................................................6

Argument.......................................................................................................6

I. Defendants Violated Appellant Due Process Rights.............................6 & 7

II. Defendants' Actions Constitute Medical Malpractice..............................8

III. Defendants Failed to Comply with the NYS Bill of Patient
Rights............................................................................................................9

IV.Statute of Limitations.................................................................................9

Conclusion...................................................................................................11

Certificate of Compliance.............................................................................12

Certificate of Service...................................................................................13

TABLE OF AUTHORITIES

Ashcroft v. Iqbal, 556 U. S. 662, 678 (2009)...........................................................pg 4

Mathews v. Eldridge, 424 U.S. 319, 332 (1976) …………………………………….pg 5

Cruzan v. Director, Missouri Dep't of Health 497 U.S. 329, 332 (1990).................pg 5

Statutes

28 U.S C. § 1331…………………………………………………………………………pg 4

28 U.S.C. § 1291………………………………………………………………….....…pg 4

42 U.S.C. § 1983…………………………………………………………………………pg 4

Rules

FED. R. CIV. P. 12(b)(6)......................................................................................pg 6

NYS Bill of Patients rights section 8 & 9…………………………………………….pg 6

Page 3

## JURISDICTIONAL STATEMENT

The United States District Court for the Southern District of New York had jurisdiction over this case under 28 U.S.C. § 1331, as it raises a federal question concerning violations of constitutional due process rights. The appellate court has jurisdiction pursuant to 28 U.S.C. § 1291, as the appeal is from a final decision of the district court.

## STATEMENT OF ISSUES

1. Can medical staff employed by a government-run hospital be held accountable for failing to notify and treat a patient in violation of the New York State Bill of Patients' Rights under federal procedural due process claims?

2. Does the failure of medical staff to diagnose and treat restrictive lung disease amount to a constitutional violation actionable under 42 U.S.C. § 1983?

3. Can systemic procedural errors in notifying a patient of their medical condition amount to actionable medical neglect and malpractice under federal law as an individual liberty interest?

## STATEMENT OF THE CASE

Appellant Maurice Newman, an essential worker during the COVID-19 pandemic, sought

Page 4

emergency medical care for severe respiratory symptoms on March 6, 2021, at Bellevue Hospital, part of NYC Health + Hospitals. He was treated by Dr. Leland Chan and Dr. Behdad Jamshahi but was diagnosed wheezing and treated for asthma despite symptoms indicative of restrictive lung disease in the earlier stages.

Subsequent diagnostic tests in 2023 and 2024 confirmed restrictive lung disease. However, Appellant was not informed of his condition until July 16, 2024, when he independently discovered the diagnosis in his physician's notes. No treatment or prognosis was provided, despite procedural policies under the New York State Bill of Patients' Rights requiring disclosure of diagnosis and treatment plans.

Appellant filed this action under 42 U.S.C. § 1983, asserting violations of his procedural due process rights and alleging medical malpractice.

## SUMMARY OF THE ARGUMENT

The District Court erred in dismissing Appellant's claims against the Defendants. The failure to notify, diagnose, and treat Appellant for restrictive lung disease constitutes a violation of his procedural due process rights and medical malpractice. NYC Health + Hospitals staff, operating under the color of law, failed to adhere to procedural policies outlined in the New York State Bill of Patients' Rights, sections 8 and 9, thereby depriving Appellant of timely medical care and a meaningful opportunity to make informed decisions about his health.

STANDARD OF REVIEW

The appellate court reviews the District Court's dismissal of claims under Rule 12(b)(6) de novo, determining whether the complaint states a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

ARGUMENT

I. Defendants Violated Appellant's Procedural Due Process Rights

Under 42 U.S.C. § 1983, procedural due process guarantees require government actors to follow established policies ensuring individuals are not arbitrarily deprived of life, liberty, or property interests. The New York State Bill of Patients' Rights, specifically sections 8 and 9, mandates that patients be informed of their diagnosis, prognosis, and treatment options.

Defendants, acting under the color of law, failed to notify Appellant of his restrictive lung disease despite documented test results and clear procedural requirements. This failure deprived Appellant of his liberty interest in making informed medical decisions, violating his constitutional rights. See Mathews v. Eldridge, 424 U.S. 319 (1976). This understanding of the intersection of procedural due process rights and medical malpractice by failure to treat and diagnose, established in the application of the three prong balance test in Mathews v Eldridge, 424 U.S. 319 (1976), constitutes a framework that when properly implemented in administrative law had changed procedural structure significantly. If applied to this case would hold the Defendant(s) accountable for their action of malpractice by failure to treat and diagnose that was done under the color of law. The misapplication or insufficient adherence to procedural policies in the New

Page 6

York State Bill Rights (section 8 and 9) within the health care system by the defendants resulted in harm that mirrors the Halls of malpractice. The balance test for this case within the rules of Mathews v Eldridge, is designed to evaluate procedural due process rights and guidance that intersect within the healthcare system that directly affected my patient outcome. The 3 prong rules are:

Private Interest: Appellant's health and life were at stake due to delayed diagnosis and treatment. Leading to a worst medical condition, declining health and the possibility of higher medical costs.

Risk of Erroneous Deprivation: Defendants' failure to notify Plaintiff of his diagnosis increased the risk of harm. To make a proper medical decision regarding patients health and have adequate medical reviews protecting a patients rights.

Government Interest: While cost and efficiency are valid concerns, they cannot supersede the ethical and legal obligation to protect individuals from harm due to procedural neglect and the duty to provide adequate medical care.

If procedural deficiencies under the 3 prong test of Mathews v Eldridge was applied to the Appellant case under a limited rule for federal procedural due process claim. It would create a stronger balance for patients experiencing medical malpractice by procedural violations. The failures of breaching the duties and care owed to patients allowed to be challenged under a limited Federal procedural due process claim. Would create a greater protection for citizens who have patients rights under procedural policies to be challenged where there is not much of a federal outlet for patients. Due process policy has a right to be protected under as a "liberty

interest" for health and individual treatment within the healthcare system as addressed in my original motion before the District Court. The procedural policies under the New York bill of patient rights should also be protected under a limited Federal procedural due process claim as well as that with the state for dealing with patients rights that are guaranteed to be protected. While the Matthew v Eldridge test is not typically applied to medical malpractice cases involving private or public health care providers, it could be theoretically applied to the Appellant claim involving government health care systems and procedural due process concerns. In this case, the test would balance the patient's health interest, the adequacy of existence procedures to present medical errors and government resources constraints. As well as standards regarding policy for patient protected rights from medical malpractice under the continuous treatment doctrine, state law and malpractice standards primarily govern the issue rather than constitutional due process principles.

## II. Defendants' Actions Constitute Medical Malpractice

Medical malpractice occurs when healthcare providers deviate from standard care, resulting in harm. By failing to diagnose or treat Appellant's restrictive lung disease over a prolonged period, Defendants breached their duty of care.

The standard of care required timely interpretation and communication of test results. The pulmonary function test conducted on February 26, 2024, and subsequent blood work on June 17, 2024, unequivocally indicated restrictive lung disease. Defendants' negligence caused Appellant's condition to worsen, violating established malpractice standards. See Cruzan v. Dir., Mo. Dep't of Health, 497 U.S. 261 (1990).

Page 8

III. Defendants Failed to Comply with the New York State Bill of Patients' Rights

The New York State Bill of Patients' Rights explicitly protects patients' rights to receive timely information regarding their diagnosis, prognosis, and treatment. Defendants' failure to inform Appellant of his restrictive lung disease contravened sections 8 and 9, which require full disclosure of medical information necessary for informed consent.

These violations amount to medical neglect, which, when compounded by Defendants' inaction, caused preventable harm. These harms were addressed in the Appellant's Declaration motion under Medical Neglect and Procedural Violation. Such procedural failures warrant federal scrutiny under constitutional due process principles for violating Appellant individual liberty interest rights.

IV. STATUTE OF LIMITATIONS

The Court addressed the issue of my case being outside the statute of limitations with or without the continuous treatment doctrine. Due to the incident arising beyond the 2 ½ yrs date for medical malpractice claims. However this is not just a medical malpractice claim and the date can also be from when the wrong was discovered. This is a claim of federal civil rights violations by the actions of medical staff under the color of law that violated procedural due process rights and caused medical malpractice by failure to treat and diagnose against my individual liberty interest right. By the law for federal civil rights offenses there is a 3-year statute of limitations for offenses in the SDNY. The statute of limitations against a defendant is usually based on the date of the incident or when the wrong was discovered and in this case the day when the Appellant

received his test results in 2024. If this case has to be argued in the alternative because the test results were confirmed in 2024 and defendants actions over 2 ½. I will get rid of the two

defendants Leland Chan and Behdad Jamshahi in this motion and leave the understanding of their actions as medical history. I would keep Defendant Mitchell Katz as he has been the President of New York City Health + Hospital from 2018 till now, and all staff actions are under his leadership to follow medical protocol, policies and procedures.

When the Court addressed the continuous treatment doctrine" it is understood that this doctrine means that the cause of action for medical malpractice will not begin to accrue until the last date of continuous treatment. However, the Appellant is using continuous treatment as a procedural understanding dealing with time, place and agent as addressed in my opposition to a letter motion. In the SDNY the Appellant explained the reason why his civil rights motion was a little over the 3 year statute of limitations. This was because of the pandemic, the restrictions and its aftermath . As you may know a pulmonary virus known as SARS-COV-2 called COVID-19 reached the level of a pandemic. The Appellant just so happened to have a pulmonary disease and had to go through the aftermath of ground zero where the pandemic causes the most damage. The Appellant has provided material evidence (documents) showing that he was affected by the pandemic and its restrictions and wasn't aware that anything was wrong with him until test results came back proving he had restrictive lung disease. Once the test results were confirmed in 2024, a motion was filed immediately in less than 30 days.
There are other issues addressed by the Court  but I dealt with the issues I believe infringe my guarantee rights as a citizen of the United States.

## CONCLUSION

Defendants violated Appellant's procedural due process rights, engaged in medical malpractice, and failed to comply with procedural policies designed to protect patients. For these reasons, Appellant respectfully requests that this Court reverse the District Court's dismissal and remand for further proceedings.

Dated: *1-24-25*

Respectfully submitted,

Maurice Newman
Pro Se Appellant
7210 41st Ave
Woodside, NY 11377
mauricenewman216@gmail.com

# Certificate of compliance

I, Maurice Newman, certify that this brief contains 14,000 words or less (1,820).

**Pro Se Certificate of Compliance with**

**Word or Page Limits Adapted from Federal Rules of Appellate Procedure Form 6**

A document filed with the Court must not be longer than the Federal Rules of Appellate Procedure or the Court's Local Rules permit. Check the box for the document you are filing and state the number of words or pages.

☑ **Brief** contains _1,820_ words. [14,000 word limit - LR 32.1(a)(4)(A)], or
**Brief** contains _12_ pages. [30 page limit - FRAP 32(a)(7)(A)]

☐ **Reply Brief** contains _____ words. [7,000 word limit - LR 32.1(a) (4)(B)]. or
**Reply Brief** contains _____ pages. [30 page limit - FRAP 32(a)(7)(A)]

☐ **Writ of Mandamus/Prohibition** contains _____words. [7,800 word limit - FRAP 21(d)(1)], or
**Writ of Mandamus/prohibition** contains _____ pages. [30 page limit - FRAP 21(d)(2)]

☐ **Motion** or **Response to the Motion** contains _____ words. [5,200 word limit - FRAP 27(d)(2)(A)], or
**Motion** or **Response to the Motion** contains _____ pages. [20 page limit - FRAP 27(d)(2)(B)]

☐ **Reply to the Motion** contains _____ words. [2,600 word limit - FRAP 27(d)(2)(C)], or
**Reply to the Motion** contains _____ pages. [10 page limit - FRAP 27(d)(2)(D)]

☐ **Petition for Panel or En Banc Hearing** contains _____ words. [3,900 word limit - FRAP 35(b)(2)(A)], or
**Petition for Panel or En Banc Hearing** contains _____ pages. [15 page limit - FRAP 35(b)(2)(B)]

☐ **Petition for Panel Rehearing** contains _____ words. [3,900 word limit - FRAP 40 (b)(1)], or
**Petition for Panel Rehearing** contains _____ pages. [15 page limit - FRAP 40 (b)(2)]

February 2017

Provide a statement that identifies the relevant facts and makes a showing of likely merit as to each issue you intend to present on appeal. See Local Rule 24.1

Can systemic procedural errors in notifying a patient of their medical condition amount to actionable medical neglect and malpractice under federal law as an individual liberty interest?

2. Does the failure of medical staff to diagnose and treat restrictive lung disease amount to a constitutional violation actionable under 42 USC § 1983?

3. Can medical staff empolyed by a government run hospital be held accountable for failing to notify and treat a patient in violation of the NYS Bill of Patient's Rights under federal procedurual due process claim? Ect violation issues.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Maurice Newman
Plaintiff - Appellant

**CERTIFICATE OF SERVICE***

v.

Docket Number 24-2998

Mitchell Katz
Defendant - Appellant

2025 JAN 24    RECEIVED

I, Maurice Newman , hereby certify under penalty of perjury that
(print name)

on 1-24-25 , I served a copy of Appellate Brief, Appendix, statements
(date)

IFP, oral argument statements, Pro-se certificate form 6, Acknowledgment + notice for
appearance, motion info. statements (list all documents) Pro-se scheduling.

by (select all applicable)**

✓ Personal Delivery          ___ United States Mail          ___ Federal Express or other
                                                                 Overnight Courier

                                    ECF
___ Commercial Carrier      ✓ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| 2nd Cir. Clerk | 40 Foley Square | NY | NY | 10007 |
| Martin Clearwater + Bell LLP | 220 E 42nd St. | NY | NY | 10017 |
| Legal Dept. | 50 Water St. | NY | NY | 10004 |
| | | | | |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

1-24-25
Today's Date

_____
Signature

Certificate of Service Form (Last Revised 12/2015)